IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

2006 FRANK CALANDRA, JR. IRREVOCABLE )
TRUST, KRISTIN HASSOUN )
as Trustee of 2006 Frank Calandra, Jr. Irrevocable Trust )
and KARL ANTHONY CALANDRA ) 2:09-cv-1032
as Trustee of 2006 Frank Calandra, Jr. Irrevocable Trust, )
        Plaintiffs, )
)
)
       v )
)
SIGNATURE BANK CORPORATION and CUSHNER
& GARVEY, LLP,
        Defendants.

**MEMORANDUM OPINION AND ORDER**

Presently before the Court are the MOTION TO TRANSFER VENUE TO THE SOUTHERN DISTRICT OF NEW YORK (Document No. 11), with brief in support, filed by Defendant Signature Bank Corporation ("Signature") and DEFENDANT CUSHNER & GARVEY, LLP'S MOTION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12 OR, ALTERNATIVELY, 28 U.S.C. § 1404(a) (Document No. 16). The motions have been fully briefed (Document Nos. 12, 17, 21, 22, 27, 28), and are ripe for disposition.[1]

**Procedural Background**

On July 17, 2009, Plaintiffs filed suit in the Court of Common Pleas of Allegheny County against Defendants, a New York bank and a New York law firm. The gravamen of the complaint is that Signature negligently permitted Edward Stein (a non-party investment advisor

---

[1] Cushner & Garvey also seeks dismissal of Plaintiffs' request for attorney fees. The Court does not reach this issue.

located in New York) to steal money from the 2006 Frank Calandra, Jr. Irrevocable Trust ("Trust") bank account and that the Cushner & Garvey law firm received some of the pilfered proceeds. On August 6, 2009, the case was removed to this Court based on diversity of citizenship.

## Factual Background

The Trust was created by a resident of Allegheny County, Pennsylvania for the benefit of his children and grandchildren, most of whom are also residents of Pennsylvania. Edward Stein, an investment advisor located in New York, and two of Calandra's children served as trustees. Stein assisted the Trust in opening a bank account at the Signature Bank branch office in White Plains, New York for deposit of the Trust's funds. The bank mailed account statements to an address in Pennsylvania, at least until Stein executed a change of address form. Allegedly, between August and October 2007, Stein stole approximately $750,000 from the Trust via a series of wire transfers. One of the unauthorized wire transfers initiated by Stein from the Trust's account was made to a New York law firm, Cushner & Garvey. The law firm had never performed any services for the Calandra Trust or its trustees, yet it accepted the proceeds to satisfy a debt owed by Stein and has refused to return the money. In April 2009, the Securities and Exchange Commission ("SEC") charged Stein with securities fraud involving a $55 million Ponzi scheme and Plaintiffs believe that their money has been lost.

.

**Standard of Review**

"The court may examine facts outside the complaint to determine proper venue, but must draw all reasonable inferences and resolve all factual conflicts in the plaintiff's favor." *Fellner v. Philadelphia Toboggan Coasters, Inc*., 2005 WL 2660351, at *1 (E.D. Pa. Oct.18, 2005); *accord Heft v. AAI Corp*., 355 F. Supp.2d 757, 762 (M.D. Pa.2005) ("Whatever the nature of the parties' submissions, the court is bound to view the facts in the light most favorable to the plaintiff."). The United States Court of Appeals for the Third Circuit has held that the movant (the defendant) bears the burden of demonstrating that venue is not proper. *Myers v. American Dental Ass'n*, 695 F.2d 716, 724 (3d Cir.1982). The defendant also bears the burden of establishing that a venue transfer is warranted. Furthermore, "in ruling on defendant's [transfer] motion the plaintiff's choice of venue should not be lightly disturbed." *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir.1995).

Questions of venue are governed by either 28 U.S.C. § 1404(a) or 28 U.S.C. § 1406. *See Jumara*, 55 F.3d at 878. The standards for transfer of an action differ depending on whether venue has been properly laid. Ordinarily, the Court must first determine whether venue is proper in the Western District of Pennsylvania before deciding whether transfer would be appropriate in accordance with the factors enunciated by the applicable standard, § 1404(a) or § 1406. However, in this case, Signature concedes that venue would be appropriate in this Court and merely seeks a transfer of venue pursuant to § 1404. Cushner & Garvey has moved for dismissal on jurisdictional grounds but has also joined in the motion to transfer venue. Accordingly, the Court will proceed directly to the analysis of whether transfer is appropriate

under § 1404. Section 1404(a) provides that transfer to another proper venue is appropriate "[f]or the convenience of parties and witnesses, in the interest of justice." *Id.* The burden of establishing the need for transfer under § 1404(a) rests with the moving party. *See In re United States*, 273 F.3d 380, 388 (3d Cir. 2001).

### Discussion

Defendants contend that this case should be transferred to the Southern District of New York because (i) Defendants are residents of New York and do not regularly conduct business in Pennsylvania; (ii) all of the events or omissions giving rise to the claim are alleged to have occurred in New York; (iii) the Trust's bank account is governed by New York law; (iv) all of the witnesses and records regarding the alleged transactions are located in New York; (v) the Trust intentionally opened the bank account in New York; (vi) this Court may lack personal jurisdiction over Cushner & Garvey; (vii) any judgment would have to be enforced in New York; (viii) the Trust consented in the Funds Transfer agreement that litigation relating to the account would be commenced in New York;  and (ix) New York has preeminent interest in the activities of banks created under New York law, while Pennsylvania has no discernible interest in this litigation. Accordingly, Defendants contend that the lawsuit should be transferred to the United States District Court for the Southern District of New York.

Plaintiffs argue that their choice of their home forum should be given presumptive weight and that Defendants have failed to provide compelling reasons for a transfer of venue. Plaintiffs contend that Signature knowingly accepted funds from a Pennsylvania-based trust

Section 1404(a) provides for the transfer of a case to another district where it might have been brought in the "interest of justice" and "for the convenience of parties and witnesses." The purpose of § 1404(a) is "to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964). When ruling on a motion to transfer, "a court should consider all relevant factors to determine whether on balance the litigation would more conveniently proceed and the interest of justice be better served by the transfer to a different forum." *Jumara*, 55 F.3d at 879. When considering whether to transfer an action under § 1404(a), a court should not solely limit its consideration to § 1404(a)'s enumerated factors of convenience of the parties, convenience of the witnesses, or interests of justice, but should consider all relevant factors, including both private and public factors. *Jumara*, 55 F.3d at 879.

The private factors relevant to a transfer analysis include:

- the plaintiff's forum preference;

- the defendant's preference;

- whether the claim arose elsewhere;  and

- the convenience of the parties as indicated by their relative physical and financial condition; the convenience of the witnesses - - but only to the extent that the witnesses may actually be unavailable for trial in one of the fora and the location of books and records (similarly limited to the extent that they could not be produced in one of the fora).

*Id.*

The public interests include:

- the enforceability of the judgment;

- practical considerations that could make the trial easy, expeditious, or inexpensive;

- the relative administrative difficulty in the two fora resulting from court congestion;

- the local interest in deciding local controversies at home;

- the public policies of the fora; and

- the trial judge's familiarity with applicable state law.

*Id.* at 879-80.

The private and public factors are to be balanced and weighed. It is important to keep in mind that "unless the balance of convenience of the parties is *strongly* in favor of defendant, the plaintiff's choice of forum should prevail." *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970) (emphasis in original). Thus, "the defendant must show that its alternative forum is more convenient; if factors are in equipoise, transfer is not proper." *Id.*

    a.    *Private Factors*

The forum preference of Plaintiffs is the Western District of Pennsylvania. The person that established the Trust, and most of the beneficiaries of the Trust, are located in this judicial district. Plaintiff's choice of forum garners "paramount consideration" that should not be disturbed lightly. *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970). The forum preference of Defendants is New York.

Plaintiffs argue that the claims arose in Pennsylvania, because two of the trustees signed the account application in Pennsylvania and the trust funds were provided by a Pennsylvania resident. The Court cannot agree. This lawsuit does not involve the initial

creation of the Trust bank account, but rather, a subsequent alleged theft from that account. None of the events which have given rise to this lawsuit occurred in Pennsylvania. Indeed, the underlying alleged fraud was committed by a New York investment advisor by improperly removing funds from a New York trust bank account and sending a portion of those funds to a New York law firm. The last private factor to be considered, convenience of the parties and the witnesses, weighs in favor of New York. As Defendants point out, the Pennsylvania witnesses all deny knowledge of the underlying fraud by Stein. Moreover, Plaintiffs have expressed a willingness and ability to litigate in New York. Plaintiffs themselves chose to use a New York investment advisor (Stein), to open a New York bank account which would be governed by New York law. Similarly, Plaintiffs specifically waived objections to venue in New York in the Funds Transfer Agreement (Exh. L ¶ 25). Defendants, by contrast, have not purposefully directed their activities toward Pennsylvania in connection with this case.[2] In sum, Plaintiffs could anticipate being haled into New York courts on the facts of this case far more readily than Defendants could have anticipated being sued in Pennsylvania. The Court acknowledges that the disparity of the parties' financial resources favors Pennsylvania. Most of the witnesses and documents regarding the underlying fraud are in New York, but these factors are entitled to little weight in the analysis. However, Edward Stein will presumably be a critical witness and there is no indication that he can be compelled to be made available to testify in this Court. The Court does not decide whether it may exercise personal jurisdiction over Cushner & Garvey, but observes that the law firm's motion to dismiss for lack of jurisdiction makes sufficiently

---

[2] Indeed, Cushner & Garvey disclaims any contacts whatsoever with Pennsylvania. Signature signed a form in 2007 to consent to personal jurisdiction in Pennsylvania in connection with originating residential mortgage loans. Only two such loans have materialized.

strong arguments that jurisdictional discovery and an evidentiary hearing appear to be necessary. Thus, despite the deference due to Plaintiffs' choice of forum, the private factors weigh in favor of a transfer of this case to New York.

        *2.*     *Public Factors*

The public factors also weigh in favor of a transfer. Defendants point out that any judgment would have to be enforced in New York. As to the practical considerations that could make the trial easy, expeditious or inexpensive, New York is somewhat the better forum since the majority of the witnesses and relevant documentation regarding the alleged fraud are located there. The judicial statistics submitted by Plaintiffs reflect that the docket of the Southern District of New York appears to be somewhat more congested than that of the Western District of Pennsylvania. As for the local interest in deciding local controversies at home and the public policies of the fora, New York has an interest in enforcing its banking laws and in regulating the activities of a New York investment advisor, a New York bank and a New York law firm. Although Pennsylvania undoubtedly has an interest in protecting its citizens against fraud, that interest is somewhat diminished when the Pennsylvania citizen selects a New York investment advisor and elects to open a New York trust bank account. The availability of computerized research tools diminishes the importance of the factor evaluating familiarity with governing law, but the New York judge will presumably be more familiar with the New York law that will be applicable to this dispute.

### 3. *The Balance of the Private and Public Factors*

After carefully considering and balancing the private and public interests of the parties, the Court finds and rules that the factors weigh heavily in favor of a transfer of venue. The location of operative events, relevant books and records, and the practical considerations that could make trial easy, expeditious or inexpensive favor a transfer. In particular, the Court is concerned about the practical ability to secure the participation of Edward Stein and Cushner & Garvey in this forum. New York's interest in the case outweighs that of Pennsylvania. Plaintiffs voluntarily elected to work with a New York investment advisor to place the Trust's funds in a New York bank account and all of the operative events of the alleged fraud occurred in New York.

## CONCLUSION

After an extensive review of the case and weighing of all private and public factors, the Court finds and rules that this case should be transferred. The interests of justice will be better served by maintaining this lawsuit in the United States District Court for the Southern District of New York.

An appropriate Order follows.

McVerry, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| 2006 FRANK CALANDRA, JR. IRREVOCABLE TRUST, KRISTIN HASSOUN as Trustee of 2006 Frank Calandra, Jr. Irrevocable Trust and KARL ANTHONY CALANDRA as Trustee of 2006 Frank Calandra, Jr. Irrevocable Trust, Plaintiffs, <br><br> v <br><br> SIGNATURE BANK CORPORATION and CUSHNER & GARVEY, LLP, Defendants. | ) ) ) ) ) 2:09-cv-1032 ) ) ) ) ) ) ) |

**ORDER OF COURT**

AND NOW, this 30th day of September, 2009, in accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED, ADJUDGED AND DECREED** that the MOTION TO TRANSFER VENUE TO THE SOUTHERN DISTRICT OF NEW YORK (Document No. 11) filed by Defendant Signature Bank Corporation is **GRANTED** and DEFENDANT CUSHNER & GARVEY, LLP'S MOTION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12 OR, ALTERNATIVELY, 28 U.S.C. § 1404(a) (Document No. 16) is **GRANTED IN PART.**  The clerk shall transfer this case to the United States District Court for the Southern District of New York forthwith.

BY THE COURT:

s/Terrence F. McVerry
United States District Court Judge

cc:		Leon F. DeJulius, Esquire
		Email: lfdejulius@jonesday.com
		Roy A. Powell, Esquire
		Email: rapowell@jonesday.com
		Paul J. Jalsevac, Esquire
		Email: pjjalsevac@jonesday.com


		John R. O'Keefe, Jr., Esquire
		Email: jokeefe@metzlewis.com
		Dennis A. Watson, Esquire
		Email: dwatson@grogangraffam.com
		Russell D. Giancola, Esquire
		Email: rgiancola@grogangraffam.com